BYRNES, Judge.
This is an appeal from a judgment awarding Edward Gavin $1,500.00 for wrongful eviction and $600.00 for loss of property plus interest under a verbal lease.
Gavin leased a garage from appellant, Clarence M. Duke, which he used as an auto body/mechanic shop. In late 1981, Gavin returned to the shop after an absence of several weeks and discovered that the premises had been re-let to another and that a number of tools he had left there were missing. This suit followed.
At trial Gavin testified as to his version of the events and the value of the missing tools. No receipts were produced, but Gavin valued the tools at approximately $1,800.00. Gavin also testified that he had paid his rent and had not abandoned the premises. The appellant also testified, giving his version of the facts which, not surprisingly, contradicted Gavin’s. The remaining evidence consisted of testimony by Samuel Corley, a neighbor who said that Gavin abandoned the premises and had taken his tools with him; and Charles Brooks, an occasional helper of Mr. Gavin, who gave testimony as to the number of tools at the shop and stated that he had never helped remove any tools from the premises. *228 By joint stipulation, it was established that Robert Collins, another occasional laborer, would testify substantially as Mr. Brooks had. At the close of trial the court ruled in favor of Mr. Gavin stating that:
After hearing the testimony of all the parties involved and reading the pleadings, the Court is impressed with the testimony of Mr. Edward Gavin, and not so much with that of Mr. Sam Corley. It seems Mr. Gavin said on many occasions that he saw Mr. Corley there, and Mr. Corley admitted that some work was done for him and admitted that tools were on the premises, but to him they appeared to be junk. But doesn’t know what happened to them after that. And the testimony now is to the effect that the proximate value of the tools on the premises at the time that would be considered, I guess, a wrongful eviction was seventeen or eighteen hundred dollars value. Some of the tools were testified to by Mr. Gavin as being in his possession and in the trunk of the car. So, I guess using whatever prerogative the Court may have in order to determine some reasonable value should be applicable to the tools that were probably left on the premises, namely the big jack and the compressor, which is almost an essential element of body repairs, and other items of tools, the Court would set a value on it at six hundred dollars. So, insofar as the wrongful eviction and all of the other factors that go into it, the Court sets the value on that of fifteen hundred dollars. And that’s with Court costs and interest.
This judgment was clearly based on the Court’s evaluation of the credibility of the witnesses. Although the evidence is conflicting we cannot say that it was manifestly erroneous for the judge to believe Gavin. In the absence of manifest error, we will not substitute our opinion for that of the trial judge. The finding that a wrongful eviction and loss of property occurred is therefore affirmed. We also affirm the amount of damages awarded for the loss of tools, although the evidence justifying that amount is sketchy. Where the right to recover damages is established but the amount cannot be exactly estimated, a court is allowed to exercise reasonable discretion to assess damages based on the facts and circumstance of the case. Emerson v. Empire Fire & Maine Insurance Co., 393 So.2d 691 (La.1981). We cannot say that the trial judge acted unreasonably or abused his discretion in this case and therefore affirm the award of $600.00 for loss of property.
However, the amount awarded for wrongful eviction was clearly excessive. There was virtually no evidence of the amount of profit which Gavin earned from his business operation on the leased premises, and the evidence which was presented indicated that profits were minimal. Moreover, there was no evidence that Gavin had incurred expenses relocating his business. Given this dearth of evidence we feel that $400.00 would have been more than sufficient to compensate Gavin for the wrongful eviction. The judgment of the trial court is therefore amended to reduce the award for wrongful eviction to $400.00. The judgment is affirmed in all other respects. All costs of this appeal are to be borne by the appellant.
AMENDED AND AFFIRMED.